**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| B & S INTERNATIONAL TRADING INC. (d/b/a B&B JEWELRY),<br><br>*Plaintiff*,<br><br>v.<br><br>MEER ENTERPRISES LLC and D.C. GROUP, INC.,<br><br>*Defendants*. | Civil No.: 18-cv-11546 (KSH) (CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Plaintiff B & S International Trading Inc. (d/b/a B&B Jewelry) ("B&B Jewelry" or "plaintiff") has sued Meer Enterprises LLC ("Meer") and D.C. Group, Inc. ("D.C. Group") for breach of contract and unjust enrichment alleging they defaulted under three separate loan agreements. Now Meer brings a motion to dismiss with prejudice based on B&B Jewelry's failure to retain counsel. This Court grants Meer's motion to dismiss all claims against it, and *sua sponte* dismisses the claim against D.C. Group.

The operative complaint alleges as follows. B&B Jewelry is a buyer, trader, and seller of fine jewelry, gold, and diamonds to retail customers in Totowa, New Jersey. (D.E. 88, First Am. Compl., ¶ 3.) D.C. Group is a jewelry manufacturer and wholesaler in New York. (*Id.* ¶¶ 4-5.) In 2012, B&B Jewelry entered into two agreements to loan D.C. Group gold bars worth millions of dollars. (*Id.* ¶¶ 18-34.) In 2014, B&B Jewelry entered into a profit-sharing agreement to loan D.C. Group inventory worth $2 million. (*Id.* ¶¶ 35-36.)

D.C. Group repaid some of its debts on these loan agreements, but as of March 2016 it stopped making payments altogether. (*Id.* ¶¶ 1, 33, 36.) In June 2016, Meer purchased D.C.

1

Group. (*Id.* ¶¶ 1, 47.) Although both Meer and D.C. Group have acknowledged the debts owed to B&B Jewelry, neither has repaid them. (*Id.* ¶¶ 1, 37, 48, 51-58.) B&B Jewelry claims it is owed at least $2,300,000 for the borrowed gold and $600,000 for the borrowed inventory. (*Id.* ¶¶ 34, 36.)

In June 2018, B&B Jewelry—along with other plaintiffs who have since settled—sued D.C. Group and Meer in state court for breach of contract and unjust enrichment. (D.E. 1, Ex. A.) The defendants removed based on diversity jurisdiction. (D.E. 1.) By leave of court, B&B Jewelry filed an amended complaint on September 3, 2019. (D.E. 88.)

Discovery and motion practice followed, and after this Court denied Meer's motion to dismiss for failure to state a claim (D.E. 128, 129), B&B Jewelry and Meer each filed motions for summary judgment (D.E. 154, 155). These were administratively terminated on October 31, 2022 (D.E. 174) after B&B Jewelry's attorney, Anna Pia Daguno Felix, and D.C. Group's attorney, Richard Roth, advised Magistrate Judge Waldor that they intended to withdraw as counsel. Judge Waldor directed a notification process to ensure their clients had full knowledge of counsel's intentions. (*See* D.E. 174, 178, 180, 184.)

Judge Waldor scheduled a Zoom hearing for January 11, 2023 on Ms. Felix's and Mr. Roth's motions to withdraw (D.E. 175, 176, 177) and instructed counsel that their "clients must be present" (D.E. 184). Two representatives from D.C. Group—Ekmel Ozan Anda and Dursun Kocak—attended the hearing and confirmed that they had received notice of Mr. Roth's intent to withdraw and had no objection. Accordingly, Judge Waldor granted the motion.[1] Notwithstanding Judge Waldor requiring the affected clients to attend the Zoom hearing, representatives from B&B

---

[1] D.C. Group is no longer in operation (D.E. 177) and has not retained new counsel since Judge Waldor relieved Mr. Roth as counsel.

2

Jewelry failed to show up. Judge Waldor's order (D.E. 185) granting Ms. Felix's motion to withdraw specified: "Counsel shall serve clients with copies of this order and inform the Court that notice occurred." Ms. Felix complied by filing a sworn certification (D.E. 189) confirming that she sent copies of the order to B&B Jewelry's principals, Ben Bekdas and Neil Bekdas, by email and Federal Express. Judge Waldor's order also stated that "[t]he litigants were on notice and have 30 days to retain new counsel," and that, "[i]n the event new counsel does not enter an appearance within 30 days[,] Meer defendant has leave to file a motion to dismiss."

On March 1, 2023, past the 30-day deadline of February 10th, Meer filed this motion to dismiss with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).[2] Meer argues that plaintiff "has failed to retain counsel, in violation of [Judge Waldor's] Order and black-letter law forbidding corporations from representing themselves in federal court." B&B Jewelry has neither opposed Meer's motion nor sought additional time to do so.

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Ordinarily, when considering whether to dismiss a case under Rule 41(b) district courts must apply and balance the six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, when "a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs.*, 467 F. App'x 151, 153 (3d Cir. 2012); *Ezeani v. Anderson*, 2023 WL 128811, at *3 (D.N.J. Jan. 9, 2023) (Martinotti, J.),

---

[2] Meer's attorney, Michael Reed, submitted a certification (D.E. 190-3) to this Court confirming that he caused the motion papers to be served on B&B Jewelry's Behno Bekdas via Federal Express and ECF. The certification also indicated that, after being unable to obtain D.C. Group's address from Mr. Roth, Mr. Reed caused service on D.C. Group via ECF. D.C. Group has not joined in Meer's motion to dismiss.

3

*aff'd sub nom. Ezeani v. Kelly*, 2023 WL 4311608 (3d Cir. July 3, 2023).  Courts have held that adjudication is impossible where a corporate plaintiff seeks to proceed *pro se* in violation of the well-established principle that a corporation must be represented by counsel in federal court.  *See, e.g.*, *CRA, Inc. v. Ozitus Int'l, Inc.*, 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) (Simandle, J.) (dismissing under Rule 41(b) without analyzing the *Poulis* factors where a corporate plaintiff failed to follow a court order requiring the appearance of counsel).

The Court recognizes that Meer's request for a dismissal with prejudice is the "ultimate sanction."  Nevertheless, such a dismissal is appropriate here, where a corporate plaintiff directed to obtain counsel has shown a deliberate "fail[ure] to prosecute" and failure to "comply with a court order." *Ezeani*, 2023 WL 128811, at *2 (citation omitted).

Judge Simandle's opinion in *CRA, Inc.* is instructive.  He granted defendant's motion to dismiss under Rule 41(b), concluding that the corporate plaintiff had "affirmatively abandoned its case" by having no attorney, failing to comply with a court order to retain counsel, failing to oppose defendant's motion to dismiss, and failing to otherwise take any steps to resume prosecution for several months.  *CRA, Inc.*, 2019 WL 1493366, at *2-3.  All of these actions (or lack thereof) are present here.

Further, the docket abundantly reflects that B&B Jewelry was kept fully informed of its obligations throughout.  Ms. Felix submitted sworn certifications to the Court that she notified her client of her motion to withdraw.  (D.E. 181, 183.)  Her first certification (D.E. 181) explains that on November 14, 2022, she sent a letter by email and by Federal Express to Behno Bekdas and Neil Bekdas along with copies of her motion papers (D.E. 175), Judge Waldor's text order scheduling a Zoom hearing for December 7, 2022 (D.E. 178), and counsel's request that this date be adjourned (D.E. 179).  Ms. Felix's second certification (D.E. 183) notes that, on November 15,

4

2022, she sent a follow-up email to Behno Bekdas and Neil Bekdas with a copy of Judge Waldor's order adjourning the hearing to January 11, 2023 (D.E. 180). At the January 11 hearing, Ms. Felix confirmed that she forwarded the Zoom meeting link to her clients earlier that morning, but they did not attend. In a follow-up certification (D.E. 189), she confirmed that she sent copies of the order relieving her as counsel to Ben Bekdas and Neil Bekdas by email and Federal Express. And finally, the docket shows that B&B Jewelry was served with this motion to dismiss via Federal Express and ECF. (D.E. 190-3.)

The foregoing steps and the absence of new counsel establish that plaintiff has effectively "abandoned" its case, making adjudication "impossible." *CRA, Inc.*, 2019 WL 1493366, at *2-3. Accordingly, examination of the *Poulis* factors is unnecessary, and dismissal is warranted under Rule 41(b).

Meer's motion to dismiss for lack of prosecution is granted, and all claims asserted against Meer are dismissed with prejudice. D.C. Group has not retained counsel or joined in Meer's motion to dismiss. This does not preclude the Court's *sua sponte* dismissal of B&B Jewelry's breach of contract claim against D.C. Group, which was pled in the alternative in the event the Court ruled in Meer's favor on the merits. (*See* D.E. 88, First Am. Compl., ¶¶ 1, 136.) *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that district courts have the "inherent power" to "dismiss *sua sponte* for lack of prosecution" in order to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief" and to "achieve the orderly and expeditious disposition of cases"); *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) ("A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure

41(b)."). B&B Jewelry's claims against both defendants are therefore dismissed with prejudice, and an appropriate order will enter.

Dated: <u>November 29, 2023</u>                              <u>*/s/ Katharine S. Hayden*</u>
                                                            Katharine S. Hayden, U.S.D.J.